FILED - GR
August 14, 2008 3:45 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald_____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Tara Kamp,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. |
| v. | ) | **1:08-cv-766** |
| | ) | Paul L Maloney |
| **NCO Financial Systems, Inc.,** | ) | Chief U.S. District Judge |
| a Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Complaint**

## I.     Introduction

1.     This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

## II.    Jurisdiction

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

## III.   Parties

3.     Plaintiff Tara Kamp is a natural person residing in Montcalm County, Michigan.

1

Ms. Kamp is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Kamp is a "consumer," "debtor" and a "person" as the terms are defined and used in the MCPA.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. NCO is a "debt collector" as the term is defined and used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and used in the MCPA.

**IV. Facts**

5. Ms. Kamp used her Discover card to purchase goods and/or services on credit for personal, family and household purposes. The alleged obligation to pay money was a "debt" as the term is used in the FDCPA and MCPA.

6. Ms. Kamp disputes the amount of the debt.

7. Apparently, the initial creditor or a successor in interest hired NCO to collect the disputed debt from Ms. Kamp. Alternatively, NCO purchased the disputed debt after the account allegedly was in default.

8. In July of 2008, a NCO employee left a message on Ms. Kamp's residential telephone answering machine, asking her to return his call at 866-230-8652, Extension 4402. The NCO employee failed to disclose in the message that the communication was from a debt collector.

9. In August of 2008, a NCO employee left a message on Ms. Kamp's residential telephone answering machine, asking her to return his call at 866-230-8652, Extension 4432.

2

The NCO employee failed to disclose in the message that the communication was from a debt collector. The NCO collector threatened that if Ms. Kamp did not return the call, NCO's client would be proceeding against Ms. Kamp in her absence.

10. NCO falsely represented or implied that Ms. Kamp would be sued and that the action would be taken against her without notice to her and without her knowledge.

11. Each recorded voice message left by NCO on Ms. Kamp's residential telephone answering machine was a "communication" as the term is used in the FDCPA and MCPA

12. In the recorded voice messages left by NCO on Ms. Kamp's residential telephone answering machine, NCO failed to disclose that the communication was from a debt collector, and thereby violated the FDCPA, 15 U.S.C. § 1692e(11), *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (2006); *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (SDNY Sept.18, 2006), and also violated the MCPA.

13. It was and is the practice of NCO in connection with the collection of debts to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing in the message that the communication is from a debt collector.

14. NCO has continued to leave voice messages on the telephone answering machines of Michigan consumers, despite having been previously and repeatedly sued for the practice in various federal courts.

15. The unlawful debt collection methods, acts and practices of NCO were willful. The violations of the FDCPA and MCPA by NCO were willful.

16. As an actual and proximate result of the acts and omissions of NCO and its

employees, plaintiff is entitled to statutory damages under the FDCPA and MCPA, in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

17.   Plaintiff incorporates the foregoing paragraphs by reference.

18.   Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a)   Defendant violated 15 U.S.C. § 1692d by(6) by placing telephone calls without meaningful disclosure of the caller's identity;

   b)   Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and by failing to disclose in subsequent communications that the communication is from a debt collector; and

   c)   Defendant violated 15 U.S.C. § 1692e by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a)   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

   c)   A declaration that defendant's practices violate the FDCPA; and

   d)   Such further relief as the court deems just and proper.

## Count 2– Michigan Collection Practices Act

19.  Plaintiff incorporates the foregoing paragraphs by reference.

20.  Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a)  Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor;

b)  Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity;

c)  Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

d)  Defendant violated M.C.L. § 339.915a(n) by identifying the collection agency other than by the name appearing on the license.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Statutory damages pursuant to M.C.L. § 339.916(1) and (2);

b)  Declaratory and injunctive relief pursuant to M.C.L. § 339.916(1); and

c)  Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: August 14, 2008

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com